IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRIS TOUCHTON d/b/a TOUCHTON )
ENTERPRISES, INC., )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 99-G-1224-S
)
DOVER CORPORATION/ROTARY LIFT )
DIVISION, DOVER INDUSTRIES )
COMPANY,, )
)
Defendant.

MEMORANDUM OPINION

This cause is before the court upon the motion of the defendant, Dover Corporation/Rotary Lift Division Dover Industries Company ("Rotary Lift") for summary judgment on its counterclaim. In its counterclaim Rotary Lift seeks to recover attorney's fees pursuant to the contract that formed the basis of the complaint. Rotary Lift also seeks to recover $18,051.00 plus interest due on account. The court has previously granted Rotary Lift's motion for summary judgment as to the claims asserted in the complaint.

**I. ROTARY LIFT'S CLAIM FOR ATTORNEY'S FEES**

Count one of the complaint alleges that Rotary Lift breached the terms of a sales representative contract dated May 1, 1985. A copy of that contract is attached to the verified complaint. Article VIII of that contract provides as follows:

> Representative shall pay Company's reasonable attorneys' fees when Company incurs such fees in enforcing any provision of this agreement or successfully defending any claim hereunder.

It is undisputed that Rotary Lift has successfully defended a claim under the contract, since it was granted summary judgment on Count I of the complaint by this court. Two arguments are raised in opposition to the defendant's motion for summary judgment as to attorney's fees under the contract.

## IS CHRIS TOUCHTON A PARTY TO THIS ACTION?

Firs, it is argued that Chris Touchton is not a party to this action. The caption to the complaint names the plaintiff as: "CHRIS TOUCHTON d/b/a TOUCHTON ENTERPRISES."[1] In addition, filings from the beginning of this lawsuit designate the plaintiff as "Chris Touchton d/b/a/ Touchton Enterprises Inc." The "WAIVER OF SERVICE OF SUMMONS" filed by the plaintiff begins with the following statement: "COMES NOW, the PLAINTIFF, CHRIS TOUCHTON D/B/A/ TOUCHTON ENTERPRISES, INC. and hereby files the attached Waiver of Service . . . ." [Doc. # 2] Rotary Lift's counsel, in his affidavit of in support of it's motion for default judgment, avers that "the Plaintiff, Chris Touchton d/b/a Touchton Enterprises, Inc., was duly served with a copy of Defendant's Counterclaim . . . ." [Doc. # 8] This shows that the defendant believed its counterclaim asserted claims against Chris Touchton. Plaintiff's answer to Rotary Lift's counterclaim designates the plaintiff as follows: "Plaintiff, Counter-

---

[1] In the body of the complaint the plaintiff is identified as Touchton Enterprises, Inc. However, subsequent filings make clear that Chris Touchton is a plaintiff in this action.

2

Defendant (hereinafter, Plaintiff), CHRIS TOUCHTON d/b/a TOUCHTON ENTERPRISES, INC. . . . ." (Answer to Counterclaim at 1.) In its Motion to Compel defendant requests an order "requiring the Plaintiff, Chris Touchton, d/b/a Touchton Enterprises, Inc. ("Touchton"), to produce" documents. [Doc #13]

"Absent a statute to the contrary, an individual has the right to be known by any name that he chooses, and a judgment entered for or against that individual in either an assumed name or a trade name is valid." Hughes v. Cox, 601 So. 2d 465, 471 (Ala. 1992)(citing 49 C.J.S. Judgments § 75, p. 197 (1947)). Therefore, Chris Touchton was free to transact business as an individual under the trade name "Touchton Enterprises, Inc." Because of the repeated designation of the plaintiff as "Chris Touchton d/b/a Touchton Enterprises Inc." in the plaintiff's filings, Chris Touchton is estopped from denying he is not a party to this action. Answering the counterclaim as "Chris Touchton d/b/a Touchton Enterprises, Inc." also warrants this estoppel.

### IS CHRIS TOUCHTON A PARTY TO THE CONTRACT?

In its briefs in support of its earlier motion for summary judgment on the complaint, Rotary Lift argued that Touchton Enterprises, Inc. was not a party to the sales representative agreement, which formed the basis of the complaint. The court did not specifically address that argument in it's previous opinion.[2] Because the court determined

---

[2] The second sentence in this court's prior opinion states that "Touchton Enterprises, Inc. ("Touchton") filed a five count complaint against Rotary Lift on May 14, 1999." (Memo Op. at 1.) This introductory language was not intended to be an adjudication that Chris Touchton is not a plaintiff in this action.

that Rotary Lift had not breached the contract, it was not necessary to determine who the parties to the contract were. That issue must now be addressed.

The contract which is at the heart of this lawsuit was signed by Chris Touchton. The signature does not indicate that it was signed in a representative capacity. The contract specifies the party to the contract as "Touchton Sales Company." Under Indiana law,[3] the identities of the parties to a contract is normally a matter of law if the contract is not ambiguous. <u>Sunman-Dearborn Community School Corp. v. Kral-Zepf-Freitag & Assocs.</u>, 338 N.E. 2d 707, 709 (Ind. Ct. App. 1975)("As a general rule, the identity of the parties to a contract is ascertained from an examination of the written instrument, and in the absence of ambiguity, the determination of who is liable is resolved by legal construction of its terms."); <u>Implement Service, Inc. v. Tecumseh Products Co.</u>, 726 F.Supp. 1171, 1182 (S.D. Ind. 1989)("Normally the parties to a contract can be identified as a matter of law by the very terms of the contract, so long as there is no ambiguity."). There is no ambiguity in the Sales Representative Agreement. Chris Touchton signed the contract without in any way indicating he signed it in a representative capacity. That the contract lists "Touchton Sales Company" as the representative does not create an ambiguity. In his deposition, Chris Touchton testified that he and his father had acted as sales representatives for Rotary Lift as far back as 1978. <u>Touchton Depo</u>. at 21. As stated in plaintiffs' earlier brief to the court: "At that time, Chris Touchton and his

---

[3] The sales representative agreement provides that it will be governed by the law of the State of Indiana.

4

father operated under the name 'Touchton Sales and Service.'" (<u>Pltfs' Brief in Opposition to Deft's [First] Motion for Summary Judg</u>. at 14.) "Absent a statute to the contrary, an individual has the right to be known by any name that he chooses, and a judgment entered for or against that individual in either an assumed name or a trade name is valid." <u>Hughes v. Cox</u>, 601 So. 2d 465, 471 (Ala. 1992)(citing 49 C.J.S. <u>Judgments</u> § 75, p. 197 (1947)). Therefore, Chris Touchton was free to do business under the trade name "Touchton Sales Company." The undisputed facts are that the plaintiff and his father had done business previously with Rotary Lift under a similar trade name. Chris Touchton's signature without designation of a representative capacity removes any doubt that he was a party to the contract. Therefore, he is bound by the terms of that contract.

  Chris Touchton cannot avoid being bound by the terms of the Sales Representative Agreement under the theory that he was acting as an agent for Touchton Enterprises, Inc. Under Indiana law, "the defense of agency in avoiding contractual liability is an affirmative defense." <u>Carlson Wagonlit Travel, Inc. v. Moss</u>, 788 N.E. 2d 501, 503 (Ind. Ct. App. 2003). The answer to Rotary Lift's counterclaim contains no affirmative defense of agency, and such defense is thereby waived.

  Even if the defense of agency was not waived, there is no evidence tending to show that Chris Touchton was acting as an agent for Touchton Enterprises, Inc. when he signed the Sales Representative Agreement. Repeatedly in his deposition he testifies about signing the contract and does not ever indicate it was signed in a representative capacity. (E.g. <u>Touchton depo.</u> at 73, 84, 85.) Nor has he submitted any affidavit in opposition to

the motion for summary judgment asserting that he signed the contract in a representative capacity. To the contrary, in the brief in opposition to the current motion for summary judgment, the following argument is made:

> Although Rotary Lift asserted in its *Brief in support of [First] Motion for Summary Judgment of Rotary Lift* that Plaintiff, Touchton Enterprises, Inc., "is not a party to the Touchton Sales Contract and has no rights vested in said contract so as to give rise to a breach of contract claim against Rotary Lift," Rotary Lift attempts to "gloss over" its prior position in this litigation that Touchton Sales Company **and not Touchton Enterprises, Inc.,** is the contracting party.

(<u>Submission in Opposition to Deft.'s [Second] Motion for Summary Judgment</u> at p. 2 (emphasis in original)(internal citation omitted).)

In addition to the absence of evidence tending to show that Chris Touchton was acting as an agent for Touchton Enterprises, there is no evidence of record tending to show Chris Touchton disclosed to Rotary Lift that he was acting as an agent for Touchton Enterprises, Inc. when he signed the Representative Sales Agreement. Nor is there evidence tending to show that Rotary Lift actually knew that Chris Touchton was acting as an agent for Touchton Enterprises. Under Indiana law, such agency must be disclosed at the time of contracting.

> It is well-established that an agent, in order to avoid personal liability, must, <u>at the time of contracting, disclose both the capacity in which he acts and the existence and identity of his principal</u>. Polk v. Haworth (1911) 48 Ind. App. 32, 95 N.E. 332, 333. It is not sufficient that the third person has knowledge of facts and circumstances which would, if reasonably followed by inquiry, disclose the existence and identity of the principal. <u>Vander Wagen Bros., Inc. v. Barnes</u> (1973) 15 Ill. App.3d 550, 304 N.E. 2d 663, 665; Mawer-Gulden Annis, Inc. v. Brazilian and Columbian Coffee Co. (1964) 49 Ill. App.2d 400, 199 N.E. 2d 222, 225. It is not the duty of third persons to seek out the

> identity of the principal. Rather, the weight of authority holds that the duty to disclose the identity of the principal is upon the agent. Myers-Leiber Sign Co. v. Weirich (1966) 2 Ariz. App. 534, 410 P.2d 491, 493. Thus, unless the third person knows or unless the facts are such that a reasonable person would know of the principal's existence and identity, the agent must be held to be acting for an undisclosed principal and is held liable in the same manner as if he were the principal.

Brown v. Owen Litho Service Inc., 384 N.E. 2d 1132, 1135 (Ind. Ct. App. 1979) (emphasis added) (footnotes omitted). Therefore, as a matter of law, Chris Touchton is liable to Rotary Lift under he terms of the Sales Representative Agreement.

### ARE THE ATTORNEY'S FEES CLAIMED REASONABLE?

The second argument raised in opposition to Rotary Lift's motion for summary judgment as to attorney's fees is that the Rotary Lift has failed to establish the reasonableness of the attorneys fees sought and the amount of time expended in defending the specific claims giving rise to Rotary Lift's contractual right to attorney's fees. Under Indiana law, an award of attorney's fees is withing the trial court's discretion.

> The award of an amount for attorney fees is within the trial court's discretion, therefore, we will reverse only where an abuse of discretion is apparent. In re Meyer's Estate, (1966) 138 Ind. App. 649, 215 N.E. 2d 556. The trial court may take judicial notice of what constitutes a reasonable amount of attorneys fees. In re Lockyear, (1974) 261 Ind. 448, 305 N.E. 2d 440. Such practice should be limited to routine cases involving relatively small amounts. Berkemeier v. Rushville National Bank, (1982) Ind. App., 438 N.E. 2d 1054.

Zebrowski and Associates, Inc. v. City of Indianapolis, 457 N.E. 2d 259, 264 (Ind. Ct. App. 1983). The court is guided in determining a reasonable attorney's fee by several factors:

> [C]onsideration should be given to the nature and difficulty of the litigation; the time, skill, and effort involved; the fee customarily charged for similar legal services; the amount involved; and the time limitations imposed by the

> circumstances. <u>Lystarczyk v. Smits</u>, (1982) Ind. App., 435 N.E. 2d 1011.
> What transpires throughout a lawsuit is indirect evidence of what constitutes
> a reasonable attorney fee <u>Fox v. Galvin</u>, (1978) 177 Ind. App. 654, 381
> N.E. 2d 103.

<u>Zebrowski</u> at 264. Rotary Lift has submitted affidavits from its attorneys setting forth the amount of time expended and the hourly rates charged. These affidavits contain copies of invoices to Rotary Lift for these charges at regular intervals throughout this lawsuit. They also contain statements showing those amounts were paid by Rotary Lift. This constitutes evidence of the reasonableness of the fees. Nothing has been submitted by the plaintiff to show that either the hours expended or the hourly rate charged were not reasonable. In the absence of any contrary evidence, the court easily concludes that the attorneys fees requested are reasonable. Although, the court does not believe it necessary to resort to judicial notice to support the reasonableness of the hourly rates charged, the court does take judicial notice of the fact that the hourly rates charged were reasonable.

The court does believe that the requested fee should be reduced by 25 percent to account for time expended that was unrelated to the Sales Representative Agreement. This determination is based upon the progress of the case before the court and the fact that the Sales Representative Agreement was the primary impetus for this lawsuit and Rotary Lift's counterclaim. Issues relating to that agreement formed the bulk of the litigation, with other issues comprising no more than 25 percent. Therefore, the court finds that $57,804.61 represents a reasonable attorneys fee incurred in enforcing the provisions of the Sales Representative Agreement and in defending claims thereunder.

## II. ROTARY LIFT'S CLAIM FOR SUMS DUE ON ACCOUNT

Rotary Lift has supported its claim for $18,051.00, plus interest due on account by the affidavit of Tammy Harmon. Ms. Harmon's uncontroverted affidavit establishes that Chris Touchton had an outstanding balance as of February 26, 1999, that remained unpaid as of the date of the affidavit, November 20, 2001. Chris Touchton has submitted no evidence to show that this amount is not owed. The only argument raised is that Touchton Enterprises, Inc., did not owe that sum, and that Chris Touchton is not a party to this action. This argument fails for the reasons stated above in the court's discussion of Rotary Lift's claim for attorney's fees. Therefore, there exists no genuine issue as to any material fact on Rotary Lift's claim for $18,051.00, plus interest.

## III. CONCLUSION

There exists no genuine issue of material fact as to Rotary Lift's counterclaim against Chris Touchton d/b/a Touchton Enterprises, Inc. and Rotary Lift is entitled to a judgment as a matter of law. An appropriate order will be entered contemporaneously herewith.

DONE this 24th day of May 2004.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.